1

2

3

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 25, 2023

SEAN F. McAVOY, CLERK

4

5      UNITED STATES DISTRICT COURT

6      EASTERN DISTRICT OF WASHINGTON

7  JANIE E. G.,

8                 Plaintiff,

9     v.

10  COMMISSIONER OF SOCIAL
SECURITY,

11

               Defendant.

12

NO:  1:22-CV-3119-RMP

ORDER DENYING PLAINTIFF'S
MOTION FOR SUMMARY
JUDGMENT AND GRANTING
DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT

13      BEFORE THE COURT, without oral argument, are briefs from Plaintiff Janie

14  E. G.[1], ECF No. 11, and Defendant the Commissioner of Social Security (the

15  "Commissioner"), ECF No. 14.  Plaintiff seeks judicial review, pursuant to 42

16  U.S.C. §§ 405(g) of the Commissioner's denial of her claims for Social Security

17  Income ("SSI") under Title XVI, and Disability Insurance Benefits ("DIB") under

18  Title II, of the Social Security Act (the "Act").  *See* ECF No. 11 at 1– 2.

19

20

21

---

[1] In the interest of protecting Plaintiff's privacy, the Court uses Plaintiff's first
name and middle and last initials.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 1

Having considered the parties' briefs, the administrative record, and the applicable law, the Court is fully informed.[2]  For the reasons set forth below, the Court denies judgment for Plaintiff and directs entry of judgment in favor of the Commissioner.

## BACKGROUND

### General Context

Plaintiff applied for SSI and DIB in on approximately March 24, 2015, subsequently alleging an amended onset date of her fiftieth birthday in February 2015. Administrative Record ("AR")[3] 15, 234–48.  Plaintiff asserted that she was unable to work due to depression; anxiety; a learning disability; arthritis in her back, knee, and hand; and left lumbar issues.  AR 263–64.  Plaintiff's claims proceeded to a hearing before Administrative Law Judge ("ALJ") M.J. Adams, who issued an unfavorable decision on March 14, 2018.  AR 49–86.  Plaintiff sought review of the ALJ's decision by this Court, and Senior United States District Court Judge Robert

---

[2] The Court notes that Plaintiff did not file any reply.  Failure to comply with the filing deadlines set by Local Civil Rule 7 "may be deemed consent to the entry of an order adverse to the party who violates these rules."  LCivR7(e); *see also* Fed. R. Civ. P. 56(e) ("If the adverse party does not respond, summary judgment, if appropriate, shall be entered against the adverse party.").

[3] The Administrative Record is filed at ECF No. 6.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 2

1  H. Whaley remanded that matter for further proceedings on May 29, 2020.  *See* AR

2  1853–72.

3      On August 24, 2021, Plaintiff appeared for a hearing on remand held

4  telephonically by ALJ Adams from Yakima, Washington.  AR 1769–70.  Plaintiff

5  was represented by attorney Thomas Bothwell.  AR 1770.  Plaintiff amended her

6  alleged onset date to September 1, 2018, at the hearing.  AR 1711.  The ALJ heard

7  from vocational expert ("VE") Sharon Welter as well as from Plaintiff.  AR 1777–

8  99.  ALJ Adams issued an unfavorable decision on September 17, 2021.  AR 1728.

9  ***ALJ's Decision***

10      Applying the five-step evaluation process, ALJ Adams found:

11  **Step one:** Plaintiff meets the insured status requirements of the Act through

12  September 30, 2018.  AR 1713.  Plaintiff did not engage in substantial gainful

13  activity since September 1, 2018, the amended alleged onset date.  AR 1714 (citing

14  20 C.F.R. § 404.1571 *et seq.* and 416.971 *et seq.*).

15  **Step two:** Plaintiff has the following severe impairments: fibromyalgia,

16  degenerative disc disease, depression, anxiety, personality disorder, and intellectual

17  disorder.  AR 1714 (citing 20 C.F.R. §§ 404.1520(c) and 416.920(c)).  The ALJ

18  further found that, in contrast, diabetes and obesity are non-severe impairments

19  because they do not more than minimally limit Plaintiff.  AR 1714.

20

21

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 3

1    **Step three:** The ALJ concluded that Plaintiff does not have an impairment, or

2    combination of impairments, that meets or medically equals the severity of one of

3    the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§

4    416.920(d), 416.925, and 416.926).  AR 1714.  With respect to Plaintiff's physical

5    impairments, the ALJ memorialized that he considered listings 1.15 (disorders of the

6    skeletal spine resulting in compromise of a nerve root(s)) and 1.16 (lumbar spinal

7    stenosis causing cauda equina compression).  AR 1714.  In assessing the severity of

8    Plaintiff's mental impairments, the ALJ considered listings 12.04, 12.05, 12.06, and

9    12.08 and whether Plaintiff satisfied the "paragraph B" criteria.  AR 1714–15.  The

10   ALJ found that Plaintiff is mildly limited in remembering, understanding, and

11   following instructions.  AR 1715.  The ALJ found Plaintiff moderately limited in

12   concentrating, persisting, or maintaining pace.  AR 1715.  The ALJ found that

13   Plaintiff has experienced no limitation in adapting or managing oneself.  AR 1715.

14   Therefore, the ALJ found that Plaintiff did not exhibit at least two marked

15   limitations or one extreme limitation in a broad area of functioning.  AR 1715.  The

16   ALJ also memorialized his finding that the evidence in Plaintiff's record fails to

17   satisfy the "paragraph C" criteria.  AR 1715.

18          The ALJ further considered whether Plaintiff meets listing 12.05 for an

19   intellectual disorder and found that Plaintiff did not satisfy either Paragraph A or B

20   of that listing.  AR 1715–16.

21

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 4

1      **Residual Functional Capacity ("RFC"):** The ALJ found that Plaintiff can

2  perform light work, as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), except

3  that she can lift/carry 20 pounds occasionally and 10 pounds frequently.  AR 1717.

4  The ALJ set forth the following additional parameters for Plaintiff's RFC:

> She is able to stand and/or walk for six hours in an eight-hour workday.
> She is able to sit for about six hours in an eight-hour workday. She has
> unlimited ability to push/pull hand and/or foot controls, up to as much
> as she can lift/carry. She should never climb ladders, ropes, or scaffolds.
> Her ability to balance is unlimited. She is able to occasionally climb
> ramps/stairs, kneel, crouch, and crawl. She is able to frequently stoop.
> This individual should avoid concentrated exposure to extreme cold,
> vibration, and hazardous machine or working at unprotected heights.
> She is able to understand, remember and carry out simple instructions
> and exercise simple workplace judgment. She is able to perform work
> that is learned by on-the-job training beyond a short demonstration
> lasting up to and including one month. She is able to respond
> appropriately to supervision, and she can have occasional interaction
> with coworkers. She is able to deal with occasional changes in the work
> environment. She is able to work in jobs that require no interaction with
> the general public to perform the work tasks. This does not preclude
> working environment where public is present.

14 AR 1718.

15      In determining Plaintiff's RFC, the ALJ found that Plaintiff's statements

16 concerning the intensity, persistence, and limiting effects of her alleged symptoms

17 "are not entirely consistent with the medical evidence and other evidence in the

18 record for the reasons explained in this decision."  AR 1718–19.

**Step four:** The ALJ found that Plaintiff is capable of performing two positions that may qualify as past relevant work: cleaner and agricultural sorter.  AR 1726 (citing 20 C.F.R. §§ 404.1565 and 416.965).

**Step five:** The ALJ concluded that Plaintiff was not under a disability, as defined by the Act, from September 1, 2018, through the date of the decision.  AR 1727 (citing 20 C.F.R. §§ 404.1520(f) and 416.920 (f)).

Through counsel Victoria B. Chhagan, Plaintiff sought review of the ALJ's decision in this Court.  ECF No. 1.

## LEGAL STANDARD

### *Standard of Review*

Congress has provided a limited scope of judicial review of the Commissioner's decision. 42 U.S.C. § 405(g).  A court may set aside the Commissioner's denial of benefits only if the ALJ's determination was based on legal error or not supported by substantial evidence.  *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985) (citing 42 U.S.C. § 405(g)).  "The [Commissioner's] determination that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence."  *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983) (citing 42 U.S.C. § 405(g)).  Substantial evidence is more than a mere scintilla, but less than a preponderance.  *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975); *McCallister v. Sullivan*, 888 F.2d 599, 601–02 (9th Cir.

1989).  Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations omitted).  "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" also will be upheld.  *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965).  On review, the court considers the record, not just the evidence supporting the decisions of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989).

A decision supported by substantial evidence still will be set aside if the proper legal standards were not applied in weighing the evidence and making a decision.  *Brawner v. Sec'y of Health and Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988).  Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive.  *Sprague v. Bowen*, 812 F.2d 1226, 1229–30 (9th Cir. 1987).

### *Definition of Disability*

The Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last, for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  The Act also provides that a claimant shall be determined to be under

a disability only if the impairments are of such severity that the claimant is not only unable to do their previous work, but cannot, considering the claimant's age, education, and work experiences, engage in any other substantial gainful work which exists in the national economy.  42 U.S.C. § 423(d)(2)(A).  Thus, the definition of disability consists of both medical and vocational components.  *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

### *Sequential Evaluation Process*

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled.  20 C.F.R §§ 416.920, 404.1520.  Step one determines if they are engaged in substantial gainful activities.  If the claimant is engaged in substantial gainful activities, benefits are denied.  20 C.F.R. §§ 416.920(a)(4)(i), 404.1520(a)(4)(i).

If the claimant is not engaged in substantial gainful activities, the decision maker proceeds to step two and determines whether the claimant has a medically severe impairment or combination of impairments.  20 C.F.R. §§ 416.920(a)(4)(ii), 404.1520(a)(4)(ii).  If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied.

If the impairment is severe, the evaluation proceeds to the third step, which compares the claimant's impairment with listed impairments acknowledged by the Commissioner to be so severe as to preclude any gainful activity.  20 C.F.R. §§

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 8

1    416.920(a)(4)(iii), 404.1520(a)(4)(iii); *see also* 20 C.F.R. § 404, Subpt. P, App. 1.  If

2    the impairment meets or equals one of the listed impairments, the claimant is

3    conclusively presumed to be disabled.

4         If the impairment is not one conclusively presumed to be disabling, the

5    evaluation proceeds to the fourth step, which determines whether the impairment

6    prevents the claimant from performing work that they have performed in the past.  If

7    the claimant can perform their previous work, the claimant is not disabled.  20

8    C.F.R. §§ 416.920(a)(4)(iv), 404.1520(a)(4)(iv).  At this step, the claimant's RFC

9    assessment is considered.

10        If the claimant cannot perform this work, the fifth and final step in the process

11    determines whether the claimant is able to perform other work in the national

12    economy considering their residual functional capacity and age, education, and past

13    work experience.  20 C.F.R. §§ 416.920(a)(4)(v), 404.1520(a)(4)(v); *Bowen v.*

14    *Yuckert*, 482 U.S. 137, 142 (1987).

15        The initial burden of proof rests upon the claimant to establish a prima facie

16    case of entitlement to disability benefits.  *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th

17    Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999).  The initial burden

18    is met once the claimant establishes that a physical or mental impairment prevents

19    them from engaging in their previous occupation.  *Meanel*, 172 F.3d at 1113.  The

20    burden then shifts, at step five, to the Commissioner to show that (1) the claimant

21

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 9

can perform other substantial gainful activity, and (2) a "significant number of jobs

exist in the national economy" that the claimant can perform. *Kail v. Heckler*, 722

F.2d 1496, 1498 (9th Cir. 1984).

**ISSUES ON APPEAL**

The parties' motions raise the following issues regarding the ALJ's decision:

1.      Did the ALJ erroneously assess the medical source opinions?

2.      Did the ALJ erroneously discount Plaintiff's subjective complaints?

***Medical Source Opinions***

Plaintiff argues that the ALJ erroneously evaluated three medical opinions:

from Plaintiff's treating rheumatologist James Byrd, MD; primary care provider,

Katheryn Norris, D.O.; examining psychologist N.K. Marks, PhD; treating

psychiatrist Pedro Fernandez, MD; consulting psychologist CeCilia Cooper, PhD;

examining psychologist David T. Morgan, PhD; and psychiatric nurse practitioner

Heather Morse, ARNP.  ECF No. 11 at 8–9.

The Commissioner defends the ALJ's treatment of the medical opinion

evidence, arguing that "[i]n each instance, the ALJ's citation of objective medical

results suggests that the ALJ's determination should be upheld."  ECF No. 14 at 8.

Plaintiff applied for SSI and DIB on approximately March 24, 2015.  AR 15,

234–48.  Revisions to rules guiding the evaluation of medical evidence that took

effect on March 27, 2017, do not apply to claims filed before March 27, 2017, and

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 10

1    the "treating physician rule" under the previous regulations instead applies.  *See* 20

2    C.F.R. § 416.927.

3        Under the treating physician rule, "the weight afforded to a medical opinion

4    depends upon the source of that opinion. A treating physician's opinion, for

5    example, is entitled to greater weight than the opinions of nontreating physicians."

6    *Coleman v. Saul*, 979 F.3d 751, 756 (9th Cir. 2020).  An ALJ must consider the

7    acceptable medical source opinions of record and assign weight to each.  20 C.F.R.

8    §§ 404.1527(c), 416.927(c).  This responsibility often involves resolving conflicts

9    and ambiguities in the medical evidence.  *Reddick v. Chater*, 157 F.3d 715, 722

10   (9th Cir. 1998).  To reject the contradicted opinion of a treating or examining

11   physician, the ALJ must provide specific and legitimate reasons for doing so.

12   *Lester v. Chater*, 81 F.3d 821, 830–31 (9th Cir. 1995).  "An ALJ can satisfy the

13   substantial evidence requirement by setting out a detailed and thorough summary

14   of the facts and conflicting clinical evidence, stating his interpretation thereof, and

15   making findings."  *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014) (citing

16   *Reddick*, 157 F.3d at 725).

17       An ALJ may discount an otherwise valid medical source opinion as overly

18   conclusory, poorly supported by or inconsistent with the objective medical record,

19   or inordinately reliant on a claimant's self-reported symptoms, provided the ALJ

20

21

1  provides clear and convincing reasons to discredit the symptom allegations.  *See,*

2  *e.g., Coleman v. Saul*, 979 F.3d 751, 757–58 (9th Cir. 2020).

3  **Dr. Byrd**

4  Plaintiff argues that the ALJ erred in rejecting the opinion of Plaintiff's

5  treating rheumatologist for going to the ultimate issue of disability because Dr. Byrd

6  was qualified to assess whether Plaintiff's fibromyalgia prevented her from

7  performing the lifting, carrying, standing, and walking requirements of sedentary

8  and light work.  ECF No. 11 at 5.  Plaintiff also disputes the ALJ's conclusions that

9  Dr. Byrd's opinion was "vague" and argues that Dr. Byrd's treatment notes provide

10  the context missing from his form opinion.  *Id.* (citing 22F, 36F, 39F, 41F, and 47F).

11  Plaintiff further asserts that treatment notes indicating normal gait and range

12  of motion in Plaintiff's joints can still be consistent with a diagnosis of fibromyalgia.

13  ECF No. 11 at 6 (citing *Revels v. Berryhill*, 874 F.3d 648, 656–59 (9th Cir. 2017)).

14  Plaintiff adds that light exercise also is standard treatment protocol for fibromyalgia

15  and argues, therefore, that the ALJ was misguided in finding it significant that

16  treatment providers had encouraged Plaintiff to participate in an exercise program.

17  *Id.* (citing AR 73, 1725).

18  The Commissioner responds that a review of the three opinions in the record

19  from Dr. Byrd confirms that all are unexplained, blanket conclusions on subjects

20  reserved to the Commissioner, with the first of Mr. Byrd's opinions being issued

21

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 12

1    before Plaintiff's amended onset date of September 1, 2018.  ECF No. 14 at 9–10

2    (citing AR 1575, 1733, 2532, and 2638).    The Commissioner further argues that,

3    despite Plaintiff's contention, the ALJ evaluated Dr. Byrd's opinions in the context

4    of the treatment record as a whole and could reach a different conclusion than

5    Plaintiff.  *Id.* at 10 (citing AR 1717–26.

6        Dr. Byrd opined on behalf of Plaintiff regarding her disability claim in 2017,

7    2019, and 2020.  AR 1575, 2532, and 2635.  On July 26, 2017, Dr. Boyd checked a

8    single box on a Medical Questionnaire provided by Plaintiff indicating that he

9    considered Plaintiff unable to perform any type of work on a reasonably continuous,

10    sustained basis.  AR 1573.  Dr. Byrd wrote "fibromyalgia" as the medical diagnosis

11    that limits Plaintiff.  AR 1573.  On June 27, 2019, Dr. Byrd wrote a letter stating the

12    Plaintiff is a current patient being treated for fibromyalgia and that, in Dr. Byrd's

13    professional opinion, Plaintiff "cannot meaningfully participate in gainful

14    employment related to the severity of her fibromyalgia."  AR 2532.  On July 16,

15    2020, Dr. Byrd again completed a form provided by Plaintiff checking the option

16    indicating that he agreed with his July 26, 2017 opinion and continued to consider

17    Plaintiff unable to maintain full-time employment.  AR 2638.

18        The ALJ wrote that Dr. Byrd's opinions were "conclusory and vague in

19    functionally relevant terms" and also "not consistent with the longitudinal record or

20

21

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 13

1    Dr. Byrd's treatment notes." AR 1725 (citing AR 2236, 2268, 2357, 2546, and

2    2703). Consequently, the ALJ gave Dr. Byrd's opinion "little weight." AR 1725.

3        As Dr. Byrd's three opinions are merely bare check-the-box affirmations that

4    Plaintiff is unable to sustain full-time employment, and the ALJ cited to record

5    evidence inconsistent with Dr. Byrd's opinions, substantial evidence supports the

6    ALJ's specific and legitimate reasons for rejecting the opinions. *See* AR 1573,

7    1725, 2236, 2268, 2357, 2532, 2546, 2635, and 2703. Furthermore, the Court may

8    infer from Plaintiff's lack of reply that she conceded the validity of the

9    Commissioner's arguments. *See* LCivR 7.

10       **Dr. Norris**

11       Plaintiff argues that the ALJ erroneously discounted the opinion of Plaintiff's

12   primary care provider, Dr. Norris, because treatment notes indicating normal muscle

13   tone and strength and only mild tenderness in her spine "do not undermine

14   limitations attributable to fibromyalgia." ECF No. 11 at 7 (citing AR 1725).

15   Plaintiff further argues that appearing in "no acute distress" at appointments is "not

16   of particular significance where an individual has a chronic condition." *Id.* (citing

17   *Combs v. Berryhill*, 878 F.3d 642, 647 (8th Cir. 2017)).

18       The Commissioner defends the ALJ's treatment of Dr. Norris's opinion by

19   arguing that the opinion was on an issue reserved to the Commissioner and,

20   therefore, not entitled to any weight. ECF No. 14 at 10 (citing 20 C.F.R. §§

21

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 14

404.1527(d), 416.927(d)).  The Commissioner continues that "the ALJ also observed contradictions between Dr. Norris's finding that Plaintiff could not perform even sedentary work, and her own unremarkable examinations." *Id.* at 10 (citing AR 1725, 2579–89).

On August 11, 2017, Dr. Norris checked a single box on a Medical Questionnaire provided by Plaintiff indicating that she considered Plaintiff unable to perform any type of work on a reasonably continuous, sustained basis.  AR 1688. Dr. Norris wrote "fibromyalgia" as the medical diagnosis that limits Plaintiff.  AR 1688.  On approximately May 15, 2019[4], Dr. Norris completed a Physical Functional Evaluation for the Washington State Department of Social and Health Services ("DSHS") and checked the box indicating her opinion that Plaintiff "severely limited" by her impairments and is unable to meet the demands of sedentary work.  AR 2340.  Dr. Norris indicated that it was "unknown" how long Plaintiff's impairments would persist with available medical treatment and indicated that continued primary care, and referral to a rheumatologist, pain specialist, and psychiatrist, were Plaintiff's recommended course of treatment.  AR 2340.

The ALJ gave Dr. Norris's opinion little weight after noting that her assertions that Plaintiff is incapable of fulltime employment are "issues . . . reserved to the

---

[4] The handwritten date is partially illegible.  AR 2338.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 15

Commissioner," rather than a medical opinion.  AR 1725.  The ALJ further reasoned that Dr. Norris's opinion that Plaintiff is unable to perform even sedentary work is "not consistent with the longitudinal record or supported by Dr. Norris's treatment notes."  AR 1725 (citing AR 2579, 2586, 2589, and 2782).

As with Dr. Byrd's opinion, Dr. Norris's opinion of extreme limitation lacks any meaningful explanation.  AR 2336–38.  Given that the ALJ is tasked with resolving such ambiguities in the evidence, the Court need only consider whether substantial evidence supports the ALJ's reasoning.  *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).  The ALJ properly rejected Dr. Norris's opinion for the specific and legitimate reason, supported by substantial evidence in the record, that her opinion lacks explanation and support from clinical or diagnostic findings.  *See Ruckdashel v. Colvin*, 672 F. App'x 745, 745–46 (9th Cir. 2017) (finding that ALJ "provided specific and legitimate reasons, supported by substantial evidence, for rejecting" a treating physician's opinion, including that it was "conclusory" and "contradicted by the objective medical evidence").  Moreover, as Plaintiff does not reply, the Court may presume that she conceded the validity of the Commissioner's arguments.  *See* LCivR 7.

### Drs. Marks, Fernandez, and Cooper

Plaintiff argues that the ALJ erroneously rejected these opinions for being inconsistent with Plaintiff's ability to follow a series of instructions and perform

1    brief calculations during a 2017 evaluation.  ECF No. 11 at 11.  Plaintiff also faults

2    the ALJ for citing a reference to possible exaggeration during the same 2017

3    evaluation, by Dr. Fernandez, when the ALJ "did not mention that these

4    findings/comments were made by Dr. Fernandez two months prior to his opinion

5    assessing [Plaintiff] with marked functional limitations." *Id.* (citing AR 1724, 2704,

6    and 2714).  Plaintiff submits that this reasoning amounts to the ALJ substituting his

7    interpretation of the mental health findings for the independent assessment of Dr.

8    Fernandez and the other mental health professionals.  *Id.* (citing *Tackett v. Apfel*, 180

9    F.3d 1094, 1102–03 (9th Cir. 1999)).

10          The Commissioner refutes Plaintiff's arguments by pointing out that

11   substantial evidence supports the ALJ's reasoning that the opinions and reports from

12   Drs. Marks, Fernandez, and Cooper ranged from four to six years old and were

13   completed before Plaintiff's amended alleged onset date of September 1, 2018.  ECF

14   No. 14 at 10–11.  The Commissioner continues by arguing that the "marked

15   limitations these physicians assessed were contradicted by more recent evidence of

16   Plaintiff's mental functioning, such as an ability to follow a series of instructions,

17   and her ability to easily perform serial sevens." *Id.* (citing AR 1723–24, 2702–09,

18   2724).

19          On June 15, 2015, Dr. Marks completed a psychological evaluation of

20   Plaintiff and, based on a clinical interview with Plaintiff and the mental status

21

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 17

1    examination, found that Plaintiff suffers from unspecified depressive and anxiety

2    disorders, as well as a personality disorder with paranoid features, resulting in a

3    marked limited ability to perform six basic work activities.  AR 597–601.  On June

4    15, 2017, Dr. Marks re-evaluated Plaintiff and, based on two office visit records

5    from 2017, a clinical interview with Plaintiff, and the mental status examination,

6    found that she suffers from depression, anxiety, illiteracy or mild mental retardation,

7    psychosis, and early childhood trauma.  AR 1689–93.  Dr. Marks opined that

8    Plaintiff is markedly limited in nine basic work activities.  AR 1691.

9        On August 11, 2017, Plaintiff's treating psychiatrist, Dr. Fernandez,

10   completed a Mental Medical Source Statement for Plaintiff and opined that Plaintiff

11   is markedly limited in five mental activities.  AR 1685–87.  Dr. Fernandez further

12   opined that fibromyalgia has a "very strong emotional component" to it that

13   "worsens exponentially" Plaintiff's capacity to work, and, in turn, Plaintiff's

14   emotional condition worsens her fibromyalgia.  AR 1687.

15       Lastly, Dr. Cooper completed a psychological evaluation of Plaintiff in

16   December 2017 and assessed Plaintiff's performance on the tests that Dr. Cooper

17   administered to indicate "significantly lower than average intellectual functioning."

18   AR 1695–98.

19       The ALJ indicated that he considered the opinions from Dr. Marks,

20   Fernandez, and Cooper and gave the opinions "little weight."  AR 1723–24.  The

21

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 18

1    ALJ reasoned that the opinions were between four and six years old, and the record

2    contained more recent evidence of Plaintiff's mental functioning that did not support

3    the degree of impairment found by Drs. Marks, Fernandez, and Cooper.  AR 1724.

4        As the medical opinions of Drs. Marks, Fernandez, and Cooper all were

5    produced before Plaintiff's amended alleged onset date of September 1, 2018, the

6    ALJ relied on substantial evidence in finding the information contained therein to be

7    stale.  *See Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1165 (9th Cir.

8    2008) ("Medical opinions that predate the alleged onset of disability are of limited

9    relevance.").  Moreover, what little relevance the opinions have is further

10    undermined by the later records that could support the ALJ's interpretation that

11    Plaintiff is higher functioning than the opinions indicate.  *See* AR 1723–24, 2702–

12    09, 2724.  The Court finds no error in the ALJ's treatment of these opinions.

13    **Dr. Morgan**

14        Plaintiff contends that the ALJ "should not have relied on his own

15    interpretation of mental status examination findings to reject the opinion of an

16    examining specialist."  ECF No. 11 at 12.  Plaintiff also argues that, as performed,

17    her use of electronic devices, management of her finances, and care for herself and

18    animals do not conflict with Dr. Morgan's opinion because she testified that she

19    struggles with those tasks.  *Id.* at 13 (citing AR 275–77, 332–34).

20

21

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 19

The Commissioner responds that that "the ALJ observed that this physician appeared to base his report of moderate to severe mental function limitations primarily on Plaintiff's unreliable subjective complaints, for they did not align with some of his findings, such as her normal speech and good fund of knowledge."  ECF No. 14 at 11 (citing AR 1724, 2346–48).

Dr. Morgan completed a Psychological/Psychiatric Evaluation for DSHS on May 17, 2019.  AR 2344–48.  Dr. Morgan opined that anxiety and "psychosis, depression" affect Plaintiff's ability to work and that Plaintiff is severely limited in her ability to perform nine basic work activities.  AR 2345–46.

The ALJ gave Dr. Morgan's opinion "little weight," after noting the following:

> This opinion is not consistent with the record or supported by his examination of the claimant. It appears that Dr. Morgan based his opinion on the claimant's subjective complaints. This document contains very limited objective medical evidence. Dr. Morgan cited that the claimant had normal speech, and her behavior was cooperative. He also noted that the claimant had a good fund of knowledge. The claimant is able to use electronic devices, handle her finances, perform personal care, and care for animals. These activities suggests that she is able to function at a level higher than what is alleged. Furthermore, the claimant's treatment record shows that her memory was intact, and her insight was good. This evidence does not support marked or severe limitations in mental functioning.

AR 1724 (citing AR 2142–49, 2700–07).

Although Plaintiff argues that the ALJ was not allowed to consider whether Dr. Morgan's mental status examination findings were at odds with his opinion, the

consideration of whether the Dr. Morgan's opinion is congruent with Dr. Morgan's own examination findings is within an ALJ's proper role. *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008)). Moreover, an ALJ properly may reject an opinion for being based "to a large extent" on a claimant's self-reports that have been properly discounted, and the ALJ is responsible for resolving ambiguities in the evidence. *Tommasetti*, 533 F.3d at 1041–42. The Court does not find error in the ALJ's treatment of Dr. Morgan's opinion.

### ARNP Morse

Plaintiff submits that the ALJ erroneously rejected ARNP Morse's opinion based on "certain, isolated mental status examination findings" that did not show that Plaintiff could actually maintain concentration, persistence, and pace in a work setting or throughout a work week. ECF No. 11 at 13–14.

The Commissioner responds that Nurse Morse is not an "acceptable medical source" under the regulations controlling this case. ECF No. 14 at 11; 20 C.F.R. §§ 404.1527(f), 416.927(f); SSR 06-03p, 2006 WL 2329939, at *2). The Commissioner argues that, as an "other source," the ALJ needed only to provide a reason germane to ARNP Morse to reject her opinion. The Commissioner asserts that the ALJ provided a germane reason when he found that ARNP Morse's assessment that Plaintiff had severe and marked limitations in most domains of mental function was contradicted by test results showing that Plaintiff had normal

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 21

1    thought process, speech characteristics within normal limits, and the ability to

2    perform serial sevens with good concentration.  *Id.* at 12 (citing AR 1725–26).

3         The Court agrees that the ALJ satisfied the minimal standard for discounting

4    the opinion of an "other source," and again notes that Plaintiff did not address the

5    Commissioner's arguments in any reply.  *See* LCivR 7.  Therefore, the Court finds

6    no error on this ground.

7         Having found no error in any of the medical opinions at issue, the Court

8    denies judgment to Plaintiff, and grants judgment to the Commissioner on this

9    ground.

10   ### Subjective Complaints

11        Plaintiff argues that the ALJ rejected Plaintiff's testimony "for the same

12   unsound reasons he rejected the medical source opinions."  ECF No. 11 at 15.

13   Plaintiff, in part, contests whether the ALJ properly reasoned that Plaintiff has

14   received conservative treatment for her impairments.  *Id.*

15        However, as the Commissioner highlights in her brief, the ALJ not only found

16   that Plaintiff had received conservative treatment, he found that she had gained some

17   relief from that treatment and properly considered the efficacy of conservative

18   treatment in assessing the intensity and persistence of Plaintiff's symptoms.  *See*

19   ECF No. 14 at 5; AR 1720, 2234–36, 2424, and 2430.  The ALJ also cited

20   examination findings that undermined specific symptom complaints, such as

21

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 22

Plaintiff's allegation that she could not use her hands. *See* AR 1720, 2536 (indicating the Plaintiff presented with normal grip strength). The evaluation of a claimant's subjective symptom claims is not fundamentally different merely because fibromyalgia is the impairment at issue. An ALJ still must consider the whole record in determining whether a treatment course can be deemed conservative and whether a Plaintiff's treatment record supports the degree of impairment that she alleges. *See Parra v. Astrue*, 481 F.3d 742, 751 (9th Cir. 2007) (finding evidence of conservative treatment "is sufficient to discount a claimant's testimony regarding [the] severity of an impairment."); *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008) ("Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony.").

Moreover, Plaintiff concedes that she alleges the same error by the ALJ in handling her own testimony as she did with respect to medical opinion evidence. *See* ECF No. 11 at 15–16. The Court already found no basis for reversal in Plaintiff's arguments with respect to medical opinions, and the Court likewise finds no reversible error with respect to the ALJ's handling of Plaintiff's subjective symptom testimony. The Court denies judgment to Plaintiff on this second, final ground, and grants summary judgment to the Commissioner.

/ / /

/ / /

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 23

**CONCLUSION**

Having reviewed the record and the ALJ's findings, this Court concludes that the ALJ's decision is supported by substantial evidence and free of harmful legal error.  Accordingly, **IT IS HEREBY ORDERED** that:

1.    Plaintiff's Motion for Summary Judgment, **ECF No. 11**, is **DENIED**.

2.    Defendant the Commissioner's Motion for Summary Judgment, **ECF No. 14**, is **GRANTED**.

4.    Judgment shall be entered for Defendant.

**IT IS SO ORDERED**.  The District Court Clerk is directed to enter this Order, enter judgment as directed, provide copies to counsel, and **close the file** in this case.

**DATED** September 25, 2023.

_s/ Rosanna Malouf Peterson_
ROSANNA MALOUF PETERSON
Senior United States District Judge